Argued January 6, affirmed March 11, 1964

# UTGARD *v.* STATE TAX COMMISSION

390 P. 2d 182

*Robert R. Carney,* Portland, argued the cause for appellant. With him on the briefs were Thomas S. Moore and Maguire, Shields, Morrison, Bailey & Kester, Portland.

*Carlisle B. Roberts,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General and Donald H. Burnett, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

## SLOAN, J.

Plaintiff filed individual income tax returns with the commission for certain calendar years between 1940 and 1949. In 1952, the commission issued to plaintiff notice of deficiency assessments on the returns as filed. In 1959, plaintiff paid the assessments. In 1961, plaintiff filed an appeal to the tax commission seeking a refund of the additional assessments he had paid. The commission decided the appeal was not filed within the time limitations provided by ORS 314.455 and dismissed the appeal. The tax court sustained the commission in an opinion reported at 1 OTC Adv Sh 349. Plaintiff appeals. The issue in the case has been caused by seeming conflicts in the statutory limitations of time in which an appeal to the tax commission may be taken.

The complaint filed in the tax court leaves much to be desired. The complaint does allege, however, that plaintiff's claim for refund "* * * instituted

a formal appeal to the Commission pursuant to ORS 314.415 (1)." Therefore, the documents filed with the commission must be treated as an appeal.

The pertinent sentence of ORS 314.415 (1) reads: "* * * No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later * * *." Plaintiff says that he filed his appeal within two years of the time, 1959, that he paid the deficiency assessments.

■ The commission relies on ORS 314.455 (b) which reads:

> "In the case of an appeal from additional taxes assessed or taxes assessed where no return was filed, within two years from the date of notice of assessment, or three years from the time the return was filed, whichever period expires the later. Assessments shall be final after the expiration of the period specified in this paragraph and payment of the tax shall not give the taxpayer any extension of the period within which an appeal may be taken."

The commission contends that the last sentence is the controlling statutory language on when an appeal can be taken from an assessment. The tax court agreed and we concur in the tax court's opinion.

That opinion has been published so there is no reason to repeat what was there said. The judgment is affirmed.