Argued October 11, affirmed December 27, 1978

OLYMPIA BREWING COMPANY, *Respondent,*
*v.*
DEPARTMENT OF REVENUE, *Appellant.*
(TC 1154, SC 25659)

588 P2d 30

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was James A. Redden, Attorney General, Salem.

William H. Kinsey, of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOWELL, J.

**HOWELL, J.**

Defendant, Department of Revenue, appeals from a decree of the Tax Court that certain tax deficiencies assessed against plaintiff were invalid.

In 1973 this court held that plaintiff was liable for corporate income taxes for the tax years 1966 to 1972 inclusive. *Olympia Brewing v. Dept. of Rev.,* 266 Or 309, 511 P2d 837 (1973). In March, 1974, plaintiff filed corporate tax returns for the years involved. On April 22, 1974, the defendant mailed to plaintiff notices of deficiency and proposed assessment. Plaintiff took no action, and defendant provided no further notice until August 6, 1975, when it sent plaintiff a second notice of deficiency and proposed assessment. The information contained in the second notice was the same as contained in the first.

On August 29, 1975, plaintiff advised defendant that it considered the notices of the proposed deficiencies erroneous. On June 30, 1976, defendant sent plaintiff notice of the tax assessment.

Plaintiff appealed to the Department, contending that the notice of assessment had not been issued within the statutory period of limitations. The Department denied the appeal, but the Tax Court reversed the Department's order. 7 OTR 301 (1977).

At the time these events occurred,[1] ORS 314.405(1) required the Department to examine or audit a taxpayer's return to determine whether a deficiency existed. If it discovered a deficiency, the Department was required to compute the deficiency and notify the taxpayer of its proposal to assess the deficiency. Under ORS 314.410, the notice of deficiency and proposed assessment must be given within three years after the return is filed.

---

[1] ORS 314.405 was repealed by 1977 Or Laws ch 870, § 22. However, substantially the same procedure continues to apply. *See* ORS 314.466, 305.265.

The next step in the statutory procedure allowed the taxpayer 30 days after the notice of deficiency and proposed assessment to pay the proposed assessment or file a protest. ORS 314.405(2). If the taxpayer did neither, ORS 314.405(3) required the Department to assess the deficiency plus interest and any penalty. ORS 314.410(4) requires that the deficiency be assessed and final notice given within one year from the date of the notice of the proposed assessment, unless the parties agree to an extension. No extension is involved in this case.

After giving plaintiff the notice of proposed deficiency on April 22, 1974, the defendant failed to assess the deficiency within the one year required by ORS 314.410(4). Instead, the defendant, on August 6, 1975, attempted to start over again by mailing plaintiff another notice of deficiency and proposed assessment for the same deficiencies and for the same tax years.

We agree with the Tax Court that defendant's failure to follow the statutory procedure requiring the deficiency to be assessed within one year after notice of the proposed deficiency renders the subsequent assessment invalid. The statute speaks in mandatory terms: the tax deficiency "must be assessed" within one year. *Cf., Anaconda v. Dept. of Rev.,* 278 Or 723, 565 P2d 1084 (1977).

The defendant concedes that it could not have simply issued a final assessment some two years after it issued the initial notice of deficiency and proposed assessment, but contends that the second notice of deficiency it issued in August of 1975 started the one-year period running anew. We do not believe defendant's position can be supported under a reading of the statutory scheme as a whole.

ORS 314.410(1) allows the defendant three years after the taxpayer files its return to make whatever examination or audit is necessary. Before the end of the three-year period, defendant must give notice of

any deficiency and proposed assessment. After such notice is given, the defendant *must* assess the actual deficiency within one year, unless the parties agree to an extension. This one-year limitation would be completely vitiated if defendant could avoid it by the simple expedient of filing another notice of deficiency containing information identical to that contained in the initial notice.[2]

Affirmed.

---

[2]Defendant argues that under our holding in *Anaconda v. Dept. of Rev.,* 278 Or 723, 565 P2d 1084 (1977), this case should at least be remanded to give the defendant an opportunity to show that plaintiff was not prejudiced by defendant's failure to comply with the statute. We do not consider prejudice or lack thereof a relevant factor when there has been failure to comply with a statute of limitations.