# IN THE OREGON TAX COURT

**MURPHY SALES CO.,**
an Oregon corporation

*v.*

**DEPARTMENT OF REVENUE**

(TC 3252)

David Brewer, Lombard Gardner Honsowetz Brewer & Potter, Eugene, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 23, 1993.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion for Summary Judgment. The court has considered the written and oral arguments of the parties.

The undisputed facts are: On October 2, 1987, the Oregon State Land Board deeded certain land in Douglas County to Bohemia, Inc., reserving all merchantable timber and the right of access to cut and remove that timber for a period of ten years. The Oregon Department of Forestry (Forestry) designated the reserved timber as the Roman Nose Reserve and put it up for auction. Plaintiff was the successful bidder. On June 9, 1989, plaintiff agreed in writing to purchase the timber for $6,210,000. That agreement identified the timber as "Common School Land timber." After entering into the agreement plaintiff learned that harvesting the timber subjected it to the Western Oregon Severance Tax (WOST).

Plaintiff's Amended Complaint makes two claims: (1) WOST is not applicable because the timber harvested was not on privately owned land; and (2) Forestry and defendant are estopped from denying the land was publicly owned land. Defendant's Motion for Summary Judgment asserts that defendant is entitled to prevail on these issues as a matter of law. Plaintiff contends that disputed facts prevent the court from resolving this issue by summary judgment.

## PRIVATELY OWNED LAND

WOST is imposed on timber at the time of harvest. ORS 321.272(1)[1] provides:

"Effective January 1, 1978, all timber in western Oregon shall be exempt from ad valorem taxation and in lieu thereof, there is imposed on timber harvested from *privately owned land* in western Oregon a severance tax as provided in ORS 321.257 to 321.342." (Emphasis added.)

In similar fashion, ORS 321.277(1) sets the severance tax rate at 6 1/2 percent of "the stumpage value of timber harvested from privately owned land * * *."

---

[1] All references to Oregon Revised Statutes are to the 1987 Replacement Part.

Defendant contends that, since there is no question the timber was located on privately owned land at the time of harvest, plaintiff is liable for WOST. Plaintiff counters that the timber was not on "privately owned land." Under the deed to Bohemia, the state reserved for a period of ten years "all merchantable timber, with the right of access to cut, log and remove said timber * * *." Plaintiff claims that under ORS 273.006(5) and (7)[2] the reservation constitutes an ownership interest in the land, therefore, the land was not entirely "privately owned land."

ORS chapter 321 does not define "privately owned land." The apparent purpose of those words is to distinguish privately owned land, which is subject to taxation, from publicly owned land, which is exempt from taxation. There is no question that the land was owned by Bohemia, subject only to the state's reservation. *Before* the timber was harvested, the state sold most of its reserved interest to plaintiff. Consequently, at the time of harvest, plaintiff privately owned the merchantable timber and Bohemia privately owned the land. The only interest remaining with the state was the right to any merchantable timber remaining after plaintiff's contract expired but before the ten-year period of the reservation expired.

■ The court does not agree with plaintiff that ORS chapter 273 and ORS chapter 321 must be construed *in pari materia*. Nothing in either chapter indicates there is any correlation or relationship between the two. ORS chapter 273 addresses state owned lands generally. ORS chapter 321 addresses the taxation of privately owned timber and forest lands. Since state lands are exempt from taxation, there is no reason to anticipate any correlation between the two chapters. The court finds none.

Plaintiff argues that defendant's failure to assert WOST on other timber reserve sales over a 15-year period

---

[2] ORS 273.006 (5) and (7) read:

"(5) 'Land' includes water, water rights, easements of every nature and all appurtenances to land.

"* * * * *

"(7) 'Public land' means any land or improvements thereon owned by the State of Oregon or any agency thereof."

constitutes a "contemporaneous construction" of the statute. Plaintiff contends that this contemporaneous construction is entitled to great weight by the court in construing ORS 321.272. For purposes of this motion, the court accepts plaintiff's version of the facts. However, even if defendant had purposely and intentionally interpreted the statute for 15 years contrary to its present position, the court could not adopt such an interpretation.

There is no language in the statute indicating that land or timber which was once in state ownership continues to be exempt from taxation after its conveyance to private ownership. The court cannot construe ORS 321.272 to exempt timber from WOST simply because the public once owned the timber. Plaintiff argues that if WOST is applied in this circumstance, this knowledge will result in the state receiving a lesser price for its timber. This may be. The state could also sell its timber before it conveys the underlying land and receive a higher price. While those consequences may be considered in a peripheral context, they cannot abrogate the clear language of the statute.

## ESTOPPEL

Plaintiff's Amended Complaint alleges that it relied upon Forestry's representation that the timber was Common School Land timber. It also alleges that plaintiff "relied upon the Department of Revenue's prior course of conduct in not assessing WOST on sales of public timber, including 'reserve' sales."[3] Plaintiff views defendant's conduct as a form of representation. Plaintiff concludes that these two representations estop defendant and Forestry from denying that the land on which the timber was located was public land. This, of course, would result in WOST not being applicable.

To establish a claim of equitable estoppel, the party making the claim must plead and prove: (1) A false representation; (2) made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) the representation must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. *Hinson v. Dept. of Rev.*,

---

[3] WOST is not assessed on the sale of timber, but upon the harvesting of timber.

7 OTR 397, 403 (1978) (citing *Bennett v. City of Salem et al.*, 192 Or 531, 541, 235 P2d 772 (1951)).

## FORESTRY'S REPRESENTATIONS

The purchase contract clearly represents that the timber was Common School Land timber. The parties are not in disagreement on this point.[4]

Plaintiff's reasoning is as follows: Since Common School Land timber is, by definition, timber on Common School Forest Land and such land must be state owned, Forestry impliedly represented that land was publicly owned.

Common School Forest Land is designated by the State Board of Forestry and the Division of State Lands. ORS 530.470. Such land must be "state owned land." ORS 530.460(2). No statute designates timber as Common School timber except by reference to the land. If land is Common School Forest Land, the timber would be Common School Forest Land timber.

The designation of timber as Common School Land timber is significant. As indicated by the parties, the importance is revealed in OAR 141-15-105(1):

> "The purpose of these rules is to permit the export of unprocessed logs cut from Common School forest lands, notwithstanding ORS 526.805 and 526.835. Those statutes prohibit the export of unprocessed logs from state-owned lands. The State Land Board, however, has determined that applying that prohibition to logs harvested from Common School forest lands would result in reduced harvests and sales of timber from Common School forest lands and in lower prices being received by the Common School Fund for its timber. The Board has also determined that permitting the export of such logs is necessary to preserve a market for and maintain sales of Common School timber, to maximize the production of timber on Common School forest lands under a sustained yield policy and to maximize revenue to the permanent corpus of the Common School Fund."

---

[4] Plaintiff asserts in its supplemental memo:

"If there is one thing that both parties can agree on, it is that the State sold and Plaintiff purchased Common School Land timber."

After the land was deeded to Bohemia, did the timber retain its character as Common School Land timber? The answer to that question is not clear. In response to the court's question at oral argument, plaintiff's counsel indicated that plaintiff certainly hoped the timber was Common School Land timber, otherwise it could not be exported as unprocessed logs.

Whatever the answer may be to that question, it is not necessary to a determination of this case. Even if Forestry's representation was false, such representation is not a basis for estoppel against defendant.

> "The State of Oregon, while acting through one agency, is not bound by the actions of another agency that performs a different function." *Davidson v. Oregon Government Ethics Comm.*, 300 Or 415, 423, 712 P2d 87 (1985).

Plaintiff claims a close working relationship exists between defendant and Forestry. However, the court finds that the two agencies perform different functions. Representations made by Forestry in administering and dealing with state-owned timber should not be held to estop defendant in administering the tax laws. Any claims plaintiff as a purchaser may have against Forestry for false representations made in connection with the sale must be made against Forestry. Forestry's representations should not bind or estop defendant from administering the timber tax laws as enacted by the legislature.

## DEFENDANT'S CONDUCT

As stated earlier, for purposes of this motion, the court assumes the facts most favorable to plaintiff. That is, defendant did not assert or attempt to collect WOST on other reserve timber sales. Further, defendant knew that those sales were subject to WOST. Even assuming these facts, the court does not view such conduct as grounds for estoppel. There is no basis for inferring that defendant intended others to rely upon such conduct. Defendant did not tell plaintiff the timber was exempt from WOST. Rather, plaintiff inferred from defendant's administrative practice that such was the case. Tax laws are administered with varying degrees of exactness and thoroughness, depending upon such factors as available staff, legal advice and many like considerations.

Taxpayers should not infer that any particular act or administrative practice is the law. The varying levels of government funding and human fallibility divests administrative practices in general from constituting grounds for estoppel against the government.

Even if this were the type of affirmative conduct that could provide grounds for equitable estoppel, plaintiff was not entitled to rely upon such conduct. This is not a case where a tax administrator has affirmatively misled the taxpayer by giving the taxpayer the wrong form or wrong information. *See Johnson v. Commission*, 2 OTR 504, *aff'd* 248 Or 460, 435 P2d 302 (1967). Merely failing to assess or collect taxes on property or transactions is not a course of conduct taxpayers are entitled to rely upon. *Methodist Book Concern v. St. Tax Com'n*, 186 Or 585, 608-09, 208 P2d 319 (1949).

## CONCLUSION

The court finds that plaintiff harvested timber on privately owned land. Further, defendant is not estopped from assessing and collecting Western Oregon Severance Tax in accordance with the statutes. Now therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted.