Argued and submitted March 8, judgment of the Tax Court affirmed April 29, 1994

## MURPHY SALES CO.,
an Oregon corporation,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3252; S40281)

871 P2d 1013

Carl N. Byers, Judge.

Jeffrey E. Potter, of Lombard, Gardner, Honsowetz, Brewer & Potter, Eugene, argued the cause and filed the briefs for appellant. With him on the briefs was David V. Brewer, Eugene.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief was Theodore R. Kulongoski, Attorney General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this tax case, the Department of Revenue assessed Western Oregon Severance Tax (WOST) on timber harvested by plaintiff taxpayer from certain real property in Douglas County. Following an unsuccessful appeal of that assessment to the Department, taxpayer filed a complaint in the Oregon Tax Court arguing, among other things, that the timber was not subject to WOST, because it was not harvested from "privately owned land," as required for assessment of the tax. ORS 321.272(1) (1977), *former* ORS 321.277(1) (*repealed by* Or Laws 1993, ch 801, § 43).[1] The Tax Court rejected taxpayer's arguments and granted summary judgment in favor of the Department. *Murphy Sales Co. v. Dept. of Rev.*, 12 OTR 448 (1993). Taxpayer appealed to this court. On *de novo* review, we affirm the judgment of the Tax Court.

The undisputed facts are these: In October 1987, the State of Oregon, acting through the State Land Board, conveyed certain real property located in Douglas County to Bohemia, Inc. In the deed to Bohemia, the state reserved, within a specified area, "all merchantable timber, with the right of access to cut, log and remove said timber," for a period of ten years. The Department of Forestry designated the reserved timber standing on the land conveyed to Bohemia as the "Roman Nose Timber Reserve" and put that timber up for auction.

Taxpayer was the successful bidder. In June 1989, taxpayer entered into a written sale contract with the Department of Forestry. Under that contract, taxpayer had the right to cut and remove the timber. The contract provided that the ownership of the timber would pass to taxpayer as the timber was paid for and removed from the timber sale area.

Taxpayer harvested the Roman Nose Timber Reserve in 1989 and 1990. In 1991, the Department of Revenue assessed WOST against taxpayer for that harvest. WOST is a severance tax imposed on "timber harvested from

---

[1] In 1993, the legislature amended the statutes governing WOST. Or Laws 1993, ch 801. Among other changes, the WOST statutes now refer to the tax as a "privilege tax," rather than a "severance tax." *E.g.*, ORS 321.273(1). Because this case arose under the version of the WOST statutes in effect prior to 1993, we will refer to the tax by its former appellation.

privately owned land" in western Oregon. ORS 321.272(1) (1977), *former* ORS 321.277(1). The Department took the position that the harvest was subject to WOST because Bohemia, Inc., a private party, owned the land involved.

Taxpayer appealed the assessment, arguing, among other things, that the Roman Nose timber was not subject to WOST, because the land from which that timber was harvested was not, in its entirety, "privately owned." Taxpayer relied on the fact that, while title to the property remained in Bohemia, Inc., throughout the period of the Roman Nose harvest, the state retained its right of access to cut and remove the timber.[2] Taxpayer also relied on the fact that the state retained ownership of the timber until it was cut and removed from the sale area. Taxpayer asserted that the state's ownership of property interests involving the right of entry onto the land and the right to the merchantable timber meant that the land from which the timber was harvested was, at least in part, publicly owned. Therefore, according to taxpayer, the timber was not subject to WOST. The Department and the Tax Court both rejected taxpayer's argument, and taxpayer now appeals to this court.[3]

The resolution of this appeal turns on the proper interpretation of the word "land" in ORS 321.272(1) (1977) and *former* ORS 321.277(1). The thrust of taxpayer's argument is that "land," as used in the foregoing statutes, refers to the entire bundle of property rights associated with a parcel of real property, including easements, servitudes, and the like. Taxpayer contends that the state's ownership of some property rights associated with the parcel of real property involved here constituted part ownership of the "land"

---

[2] Following completion of the timber harvest in 1990, the state executed a quitclaim deed to Bohemia, conveying to Bohemia its right of access and any remaining merchantable timber.

[3] Before the Tax Court, taxpayer also argued that the Department of Revenue was estopped from assessing WOST on plaintiff's harvest of the Roman Nose Timber Reserve based on actions of the Department of Forestry and on actions of the Department of Revenue itself. The Tax Court rejected taxpayer's estoppel arguments. On appeal to this court, taxpayer pursues only those estoppel arguments related to the actions of the Department of Revenue. We have considered taxpayer's assignments of error on the subject of estoppel; we find no merit in them. An explanation would not materially assist bench or bar. We do not discuss those assignments further.

within the meaning of the WOST statutes, thereby rendering the timber in this case exempt from WOST.

■ ■ This court's duty in interpreting a statute is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We must, therefore, attempt to determine whether the legislature intended the word "land," as used in the WOST statutes, to encompass the entire bundle of property rights associated with a parcel of real property, as taxpayer argues. As always, we begin our search for the legislature's intent with the text and context of the statutes themselves. *Id.* at 610-11.

ORS 321.272(1) (1977) provided:

"Effective January 1, 1978, all timber in western Oregon shall be exempt from ad valorem taxation and in lieu thereof, there is imposed on *timber harvested from privately owned land* in western Oregon a severance tax as provided in ORS 321.257 to 321.342."

(Emphasis supplied.) Similarly, *former* ORS 321.277(1) provided:

"All owners of timber in western Oregon shall pay a severance tax of six and one-half percent of the stumpage value of *timber harvested from privately owned land* after December 31, 1977."

(Emphasis supplied.)

In determining the intended meaning of the word "land," as used in the foregoing statutes, we necessarily must construe that word in the context of the phrase in which it appears. The operative phrase in each statute is "timber harvested from privately owned land." In the context of that phrase, "land" is something *from which timber is harvested.* As a matter of common sense, timber is not harvested from an incorporeal interest in real property, such as an easement or a right of access. Rather, timber is harvested from the ground — *i.e.*, the physical surface of the earth. Therefore, read in its immediate context, the word "land" in ORS 321.272(1) (1977) and *former* ORS 321.277(1) obviously refers to the ground itself, not to the bundle of incorporeal property rights associated with a particular parcel of ground.

Because the text of the relevant statutes is unambiguous, we need go no further than the first level of statutory analysis.[4] "Land," as used in the WOST statutes, refers to the parcel of ground from which the timber at issue was harvested. In this case, a private party, Bohemia, Inc., had fee simple ownership of the parcel of ground from which taxpayer harvested the timber at issue. Therefore, there is no question that that timber was "harvested from privately owned land" and is subject to WOST.

The judgment of the Tax Court is affirmed.

---

[4] We have found no other statutes that would provide contextual assistance in our inquiry.