Argued and submitted November 6, judgment of Tax Court affirmed
December 5, 1997

# TAFT CHURCH OF EVANGELICAL CHURCH OF NORTH AMERICA,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3997; SC S44121)

950 P2d 313

Gregory S. Ernst, Lincoln City, argued the cause and filed the brief for appellant.

Rochelle Anne Nedeau, Assistant Attorney General, Salem, argued the cause for respondent. Bonni C. Canary, Assistant Attorney General, and Hardy Myers, Attorney General, filed the brief.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

PER CURIAM

## PER CURIAM

This is a direct appeal from a judgment of the Oregon Tax Court. *See* ORS 305.445 (providing for such appeals). Taxpayer asks this court to reverse the Tax Court's ruling, on a motion by respondent Department of Revenue (Department) for summary judgment, that taxpayer neither appealed from certain property taxes within the time allowed nor showed good and sufficient cause for failing to do so. *Taft Church v. Dept. of Rev.*, 14 OTR 119 (1997). We affirm.

Taxpayer is a church that has long owned 1.747 acres of property that was, for the most part, not subjected to property taxation. From 1963 to 1983, only .23 acres was taxed. In 1983, the county assessor added 1.42 acres of previously untaxed property to the tax rolls, resulting in taxation of a total of 1.65 acres. The assessor gave no notice of that increase, other than by the yearly tax statements themselves, and taxpayer did not actually become aware of it until 1994. Taxpayer asserts that it never changed the use of the property from 1963 to the present time, so the property should have remained exempt.

For various reasons, taxpayer did not timely appeal to the Department any tax assessment for tax years 1982-83 through 1994-95. Under the pertinent statutes, ORS 305.275(1)(c) and 305.280(1), a taxpayer dissatisfied with an action of a county assessor adding property to a tax statement must seek review of that decision by the Department within 90 days after the act or omission of the assessor becomes known to the taxpayer, but in no event later than one year after the act or omission has occurred. When taxpayer finally appealed, the Department dismissed the appeal as not timely filed. Taxpayer then appealed to the Tax Court, which affirmed the dismissal. Taxpayer now brings the present appeal, asserting that, for a variety of reasons, it is not limited by the previously cited statutes in its right to bring the present appeal. Discussion of taxpayer's various theories, and our reasons for disagreeing with each of them, would not

benefit bench or bar. The ruling of the Tax Court correctly applied the pertinent law.

The judgment of the Tax Court is affirmed.