IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DILYAN MITEV, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230345G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **ORDER DISMISSING COMPLAINT** |

This matter came before the court on the parties' cross-motions for summary judgment.

Plaintiff requests a waiver of the substantial understatement penalty, and Defendant opposes that

request. The tax year at issue is 2019.

## I. FACTS AND PARTIES' ARGUMENTS

Defendant audited Plaintiff's 2019 return, adjusted his reported income and expenses,

determined additional tax was owing, and imposed the 20-percent substantial understatement

penalty of $1,285. Plaintiff describes the audit and its outcome thus:

> "I gave all information in the initial tax return, reported the income honestly
> against actual expenses. I reluctantly agreed to pay additional tax only when I
> could not find/produce the receipts to which the auditor asked, even though I
> spent hard earned money on them. * * *."

(Ptf's Ltr at 1, Aug 23, 2023.) Plaintiff does not challenge the adjustments or the tax owing; his

sole request is that the penalty be waived.

Defendant denied Plaintiff's request for a penalty waiver, summarizing its reasons as

follows:

> "In filing the return for 2019, it was incumbent on you as the taxpayer to
> adequately disclose and verify that the income reported and expenses claimed
> were correct and verifiable; you have not demonstrated reasonable cause for the
> understatement of tax for these years nor have you demonstrated that a sufficient
> good faith effort was made to determine the correct tax liability for this year."

(Def's Ex A at 1.)

As stated in the Journal Entry, the court will treat the parties' filings as cross-motions for summary judgment, with Plaintiff requesting waiver of the penalty and Defendant requesting that its adjustment be upheld.

## II. ANALYSIS

The only issue raised by the Complaint is whether the substantial understatement penalty can be waived. In his subsequent letter, Plaintiff asserts that such waiver is authorized by ORS 305.145(4) and (4)(b).[1]

ORS 305.145(4) authorizes Defendant to waive penalties, but not this court. *Patton v. Dept. of Rev.*, 18 OTR 111, 125 (2004). That statute provides that "[t]he department"—that is, Defendant—"may establish by rule instances in which the department may, in its discretion, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department." ORS 305.145(4). Neither ORS 305.145(4) nor ORS 314.402(6)—the statute specifically authorizing Defendant to waive the substantial understatement penalty—empowers this court to provide a waiver.[2] Plaintiff does not cite another statute under which the court might have authority to waive a penalty, and the court is aware of none. *Cf. Philip Morris, Inc. v. Dept. of Rev.*, 11 OTR 332, 336 (1990) ("[n]o statute authorizes this court to waive penalties or interest").

In fact, this court is proscribed from even reviewing Defendant's denial of a discretionary penalty waiver. *Patton*, 18 OTR at 125; *Pelett v. Dept. of Rev.*, 11 OTR 364, 365–66 (1990).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[2] ORS 314.402(6) states: "The department may waive all or any part of the penalty imposed under this section on a showing by the taxpayer that there was reasonable cause for the understatement, or any portion thereof, and that the taxpayer acted in good faith."

That is because ORS 305.560(1)(a), which governs the procedure for appealing to this court, excludes appeals from "an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue[.]"

In the present case, Plaintiff admits that the imposition of the penalty was lawful, but argues (1) that he had reasonable cause for his understatement because he actually incurred deductible expenses and (2) that he and his bookkeeper acted in good faith during the audit. The statute places the authority for weighing those arguments in Defendant's hands. *See* ORS 314.402(6); *Patton*, 18 OTR at 125. Furthermore, this court may not review Defendant's decision not to waive Plaintiff's penalty. *See Pelett*, 11 OTR at 365–66.

### III. CONCLUSION

This court lacks authority either to waive the substantial understatement penalty or to review Defendant's decision not to waive such a penalty. Now, therefore,

IT IS ORDERED that Plaintiff's Complaint be dismissed.

Dated this ___ day of November 2023.

_____
Poul F. Lundgren
Magistrate

*This is a dispositive order pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on November 28, 2023.*