MULTNOMAH COUNTY,
a home rule political subdivision
of the State of Oregon,
*Appellant,*
*and*

Janice M. DRUIAN,
Assessor and Tax Collector for
Multnomah County, Oregon,
*Plaintiff,*

*v.*

FINANCE AMERICA CORP.,
*Defendant,*
*and*

PORT OF PORTLAND,
a port district and political subdivision
of the State of Oregon,
*Respondent.*

(9108-05038; CA A73252)

852 P2d 262

Sandra N. Duffy, Portland, argued the cause for appellant. With her on the briefs was Laurence Kressel, County Counsel for Multnomah County, Portland.

Cory Streisinger, Portland, argued the cause for respondent. With her on the brief were Stephen Janik and Ball, Janik & Novack, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Multnomah County (county) appeals a judgment of the circuit court denying tax foreclosure of real property owned by the Port of Portland (the Port). We affirm.

During the tax year in question, the real property that is the subject of this action was leased by the Port to a non-tax exempt entity. County assessed taxes, ORS 307.110, and, when the taxes went unpaid for the statutory time, it brought this foreclosure action. The Port filed an answer asserting as an affirmative defense that county did not have statutory authority to impose a tax lien on property owned by the Port and, therefore, had no lien to foreclose. At the summary hearing, ORS 312.080, county argued that the circuit court was without jurisdiction to consider the Port's affirmative defense, because jurisdiction to determine questions arising under the tax laws lies exclusively in the tax court. It also argued against the merits of the Port's defense. The court concluded that it had jurisdiction to consider the defense, and it agreed with the Port that county could not impose a lien on the Port's interest in the real property. Accordingly, it entered judgment for the Port, denying the foreclosure.

■ On appeal, county first reasserts its argument that the circuit court was without jurisdiction to consider the Port's affirmative defense, which is based on an interpretation of ORS 307.110. It contends that that statute is a tax law of this state over which the tax court has exclusive jurisdiction. ORS 305.410. The Port responds that the defense does not arise under the tax laws of this state and, therefore, the circuit court properly considered the defense.

ORS 305.410 provides, in part:

"(1) [T]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state. For the purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state:

"* * * * *

"(o) * * * ORS chapter 312 relating to foreclosure of real and personal property tax liens."

The legislature has conferred exclusive jurisdiction on the tax court to determine those matters that are expressly within its jurisdiction as well as "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1); *Jarvill v. City of Eugene*, 289 Or 157, 164, 613 P2d 1 (1980). The legislature has also expressly removed from tax court jurisdiction foreclosures of real property tax liens under ORS chapter 312. ORS 305.410(1)(o). Under ORS 312.070, any person interested in real property that is on the foreclosure list may "file an answer and defense to the application for judgment * * *." The circuit court shall hear the matter raised by the person in a summary manner. ORS 312.080.

Reading those provisions together, we conclude that issues that arise as defenses to a foreclosure action are not "tax laws of this state" subject to the exclusive jurisdiction of the tax court. By expressly excluding foreclosures from matters within the tax court's jurisdiction, and allowing the raising of defenses to foreclosures in the circuit court that is hearing the foreclosure action, it is evident that the legislature intended the court deciding the foreclosure matter to have the power to decide matters raised as a defense to the foreclosure.

This conclusion is consistent with the Supreme Court cases that counsel against splitting jurisdiction. The Supreme Court has recognized that the tax court may determine certain matters not otherwise within its jurisdiction, if the case in which the matters arose is properly before it. *See Sanok v. Grimes*, 294 Or 684, 697 n 21, 662 P2d 693 (1983). Similarly, it has held that a circuit court may decide a matter concerning a state tax law if the case in which the tax question arises is otherwise properly before it. The court said:

> "In order to avoid split jurisdiction, and in order to litigate all of the challenges to a tax in only one court, jurisdiction under ORS 305.410(1) must be determined by whether *the tax being challenged* is itself a tax law of this state." *Jarvill v. City of Eugene, supra*, 289 Or at 167. (Emphasis in original.)

■ Here, the matter properly before the circuit court was the foreclosure. The Port does not challenge the tax that was imposed, but instead challenges the attachment of the tax lien to its interest in the property. We conclude that that question can and should be determined in one forum. The

place where the foreclosure action must be brought is circuit court; that is therefore where the defense attacking the validity of the lien should be determined. The trial court did not err in concluding that it had jurisdiction.

County next assigns error to the trial court's conclusion that the tax lien attaches only to the lessee's leasehold interest and not to the Port's fee simple interest. Its argument is based on ORS 307.110(1), which provides that otherwise tax exempt property is nonetheless taxable if it is leased to a non-tax exempt entity. That statute provides, in part:

> "[A]ll real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, * * * shall be subject to assessment and taxation for the real market or specially assessed value thereof uniformly with real property of nonexempt ownerships."[1]

County argues that "real property" means all of the interests in property including, but not limited to, the leasehold interest. ORS 307.010(1). Thus, it reasons that the lien provided in ORS 311.405 attaches to the entire bundle of rights, including the Port's fee simple interest. It finds support for its argument by comparing the language of ORS 307.110 with that of ORS 307.060, relating to taxation of property of the United States that is leased to non-tax exempt entities. Under ORS 307.060, "[t]he lien for the tax shall attach to and be enforced against only the leasehold * * *." Because ORS 307.110 does not include similar language, county argues that a similar limitation was not intended.

■     County's argument has logical appeal. We are not, however, deciding the question anew. As the Port points out, the Supreme Court has decided that the lien for taxes imposed under ORS 307.110 is enforceable only against the leasehold interest of the lessee, not the fee simple interest of the tax exempt lessor. *Johnson v. Dept. of Revenue*, 292 Or 373, 639 P2d 128 (1982); *Sproul et al v. Gilbert et al*, 226 Or 392, 359 P2d 543 (1961). County's attempt to distinguish

---

[1] We quote ORS 307.110(1) in its current form. The changes made by the 1991 legislature, Or Laws 1991, ch 459, § 40, are not material to this case.

those cases is unpersuasive. We are bound by the Supreme Court's interpretation, which supports the trial court's ruling.

■        Finally, county assigns error to the court's conclusion that county may not foreclose against the tax exempt Port. County's argument fails, because we have upheld the trial court's determination that there is no lien on the Port's interest in the property that could be foreclosed.

Affirmed.