Edgar T. NUMRICH,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4640)

Edgar T. Numrich, Plaintiff (taxpayer), filed the motions *pro se*.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss for Defendant (the department).

Decision for Defendant rendered June 17, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Plaintiff (taxpayer) brought this suit to obtain a *de novo* hearing on his assertion that notices of deficiency and assessment issued by Defendant (the department) and related collection actions were improper. One objection of the taxpayer was that critical department communications had not been sent to his correct address. Although the department originally asserted it had mailed notices correctly, it ultimately concluded its notification had been inadequate. It therefore undertook to abate any assessments, discharge related liens and dismiss an affirmative defense it had asserted. The department now believes that any claims over which this court has jurisdiction have become moot. Taxpayer asserts that there remain, in his complaint, claims over which this court has jurisdiction, which have not been rendered moot by the department's concessions. The department has filed a Motion to Dismiss to test this question.

## II. FACTS

Taxpayer's complaint, by its own terms, presents 11 claims:

"1. Whether the Magistrate erred, or abused his discretion, by not giving leave of the court for Plaintiff to file a First Amended Complaint as submitted to the Court on February 27, 2003? TCR-23A.

"2. Whether the Magistrate erred, or abused his discretion, in failing to order Discovery prior to his Decision after denying Plaintiff's request to examine Defendant's records at a case management conference held on April 8, 2003? **TCR-MD 11.**

"3. Whether the Magistrate erred, or abused his discretion, in finding for Defendant that[:]

" 'The deficiency that Defendant assessed . . . is attributable to the existing law in 1976.' " *Magistrate Decision*, p. 2[.]

"4. Whether the Magistrate erred, or abused his discretion, in finding for Defendant by deciding that Plaintiff's Complaint was a conventional appeal for a refund of income taxes, penalties, and interest arising from an alleged Notice of Deficiency and Assessment, rather than a claim that Defendant's deficiency notice and assessment process was flawed and thereby unlawful and void?

"5. Whether Defendant ever properly mailed a Notice of Deficiency and Assessment to Plaintiff for tax year 1976? **ORS 314.410; ORS 305.265[.]**

"6. Whether where Defendant fails to include the certification language required in any Notice of Deficiency voids the deficiency alleged, including any allegedly issued against Plaintiff? **ORS 305.265[.]**

"7. Whether statutes of limitation void Defendant's claims of additional taxes, penalties and interest alleged in any Defendant's alleged Notice of Deficiency against Plaintiff? **ORS 314.410[.]**

"8. Whether Defendant's rights to collect taxes, penalty, and interest from Plaintiff had statutorily expired even if the Notice of Deficiency and Assessment process had been properly performed by Defendant? **ORS 314.037(2); Chapter 457, Oregon Laws 1991[.]**

"9. Whether $220.43 garnished by Defendant from Plaintiff's wages in 2003 was unlawful and should be returned to Plaintiff with interest?

"10. Whether Defendant knew or reasonably should have known that its tax collection activity against Plaintiff was *unlawful and damaging to him?*

"11. Whether Defendant knew or reasonably should have known that its tax collection activity against Plaintiff was negligent, defamatory, and intentionally interfered with Plaintiff's economic expectation?"

(Emphasis in original.)

Taxpayer prayed for the following relief, that this court:

"(1)   enter a declaratory JUDGMENT that the Defendants are in violation of the Fourteenth Amendment, Sections 1 and 5, of the Constitution of the United States and Oregon Revised Statutes Chapter 314;

"(2)   enter an ORDER vacating all Distraint Warrants and Writs of Execution as may pertain to Plaintiff and the Oregon Department of Revenue's tax, interest, and penalty claims against Plaintiff, and further preventing Defendants from any further collection action, implementing any further claims, judgments, and liens against Plaintiff for the subject matters complained of herein;

"(4)[*sic*]   enter a JUDGMENT that Defendants' conduct constitutes Negligence, Defamation, and Intentional Interference with Economic Expectation as complained of herein.

"(5)   award the Plaintiff $220.43 together with interest, the cost of this action and his reasonable attorneys' fees as may be;

"(6)   and grant the Plaintiff any further relief which may in the discretion of this Court be necessary and proper to ensure that the Defendants fully comply with the Fourteenth Amendment, Sections 1 and 5, of the Constitution of the United States and ORS Chapter 314."

## III.   ISSUE

Does this court have jurisdiction over the claims of taxpayer, which have not been rendered moot by the department's concessions?

## IV.   ANALYSIS

In connection with its concessions, the department has agreed that taxpayer owes no tax, interest, or penalties for the years at issue. The department states it has refunded to taxpayer any funds previously garnished together with interest. Apparently unsatisfied, taxpayer wishes to proceed with this case although taxpayer admits this court does not have jurisdiction over any claims sounding in tort.

Taxpayer states that the questions at this point in the case are:

"1.   Whether the trial Court lawfully may refuse to adjudicate Plaintiff's claims charging Defendant with serial violation of the tax laws of the State of Oregon as those tax laws are defined within the Oregon Revised Statutes and established case law?

"2.   Whether the Court must find and confirm the extent to which Defendant's routine business conduct is unlawful under the tax laws of the State of Oregon where that conduct was directed against Plaintiff over more than a decade?"

■■    All parties acknowledge that the jurisdiction of this court is limited to matters "arising under the tax laws of this state." ORS 305.410.[1] Taxpayer apparently believes that because his claims relate to actions of the government touching in some way on taxation they necessarily "arise under the tax laws of this state." That belief is in error.

In *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983), the Oregon Supreme Court, faced with the need to explicate the limits of jurisdiction of this court, stated:

"Our cases set two boundaries. On the one hand, questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences."

(Footnote omitted.) The court also stated, "In summary, we hold that a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701.

Applying these standards, the claims of taxpayer, other than those rendered moot by the department's concessions, "do not arise under the tax laws." His first four complaints or questions, quoted above, have to do with procedures of the magistrate who heard the matter, not liability beyond what has been abated.[2] Taxpayer's fifth through

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

[2] The court notes, but need not address, the point that such objections may not in any case be proper in this division. *Cf. Freightliner Corp. v. Dept. of Rev.*, 5 OTR 270 (1973).

eighth claims or issues, quoted above, have to do with whether the actions of the department in connection with the notices of deficiency or assessment were procedurally correct and timely. Again, these claims do not involve a tax liability beyond that which has been abated. Taxpayer's ninth claim or issue, quoted above, seeks return of garnished money. The department asserts, without contradiction by taxpayer, that this has been accomplished.

Finally, taxpayers tenth and eleventh claims or issues, quoted above, have to do with whether the department "knew or should have known" that its activities were wrongful and unlawful. However, even if the actions of the department were wrongful or unlawful, because of abatements, no tax liability of the taxpayer for the years in question would be affected by those acts. Stated differently, the state and nature of the department's knowledge regarding the propriety of its actions cannot, given its concessions and abatements, have any effect on taxpayer's tax liability. The department's knowledge could, in theory, have an effect on a liability for fees or for tort-type damages but not on the amount of tax due.[3]

■■ Nor is the relief sought by taxpayer of the type this court can award. Taxpayer first requests declaratory relief to the effect that the department is in violation of the law. Under *Sanok,* declaratory relief as to a matter that is a predicate to tax liability might be within the jurisdiction of this court, but no liability remains in this matter. Taxpayer's requested relief relating to refunding and cancellation of warrants has been, or by supplemental proceedings may be, achieved. Taxpayer's request for a declaration that the department's actions are tortious are clearly outside the court's jurisdiction.

■ Taxpayer's final request is for relief in a form to insure that the department complies with the law. This request is both vague and unnecessary. The legislature has charged the department with the duty to follow the law. If it does not do so, citizens have remedies in court when the

---

[3] Taxpayer has made no claim for fees under ORS 305.490. The court's statement as to tort-type damages is made only as a theoretical matter.

department does not concede. However, the department's concessions here have provided taxpayer with all of the remedies available from this court and his complaint should be dismissed.

## V. CONCLUSION

The court will retain jurisdiction over any claims that the abatements and undertakings of the department on which this order is based have not been fulfilled. Further, notwithstanding the assertions of the department regarding the termination of lien validity by operation of law, the court orders the department to promptly record releases, satisfactions, or other documents stating that its prior liens and warrants filed in this matter against taxpayer or his property are now terminated. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

IT IS ORDERED that Defendant promptly record releases, satisfactions or other documents stating that its prior liens and warrants filed in this matter are terminated.

IT IS ORDERED that the court retains jurisdiction over this matter insofar as allegations are made regarding failure by Defendant to fulfill its abatement undertakings and actions that Defendant has been ordered to take.