IN THE OREGON TAX COURT
MAGISTRATE DIVISION
timber Tax

| | | |
|---|---|---|
| RANDALL A. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 150331C |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This Final Decision of Dismissal incorporates without change the court's Decision, entered January 15, 2016, signed by Magistrate Robinson. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed July 9, 2015, based on lack of jurisdiction and untimeliness. Plaintiff appeals Defendant's distraint warrants, recorded February 15, 2000 and July 21, 2005, and related collection proceedings for the 1993 through 1995 tax years. Oral Argument was held in the Oregon Tax Courtroom on August 31, 2015, in Salem, Oregon. Robert C. Weaver, Jr., Attorney, Garvey Schubert Barer, appeared on behalf of Plaintiff. James C. Strong, Assistant Attorney General, Oregon Department of Justice, appeared on behalf of Defendant.

At the August 31, 2015, proceeding, Plaintiff orally moved to strike a declaration Defendant submitted with its Motion. Because the primary basis for Defendant's Motion was a lack of jurisdiction, and under Tax Court Rule (TCR) 21 A declarations are allowed in support of motions to dismiss for lack of jurisdiction, the court overruled Plaintiff's request. The court's use of the declaration applied only to the lack of jurisdiction argument in Defendant's Motion.

---

[1] The inclusion of the dismissal language in the caption is to correct a clerical error.

## I. STATEMENT OF FACTS

Plaintiff filed his Complaint on May 14, 2015, alleging that Defendant untimely instituted collection proceedings against him in violation of ORS 321.600.[2][3] (Ptf's Compl at 4, 6.) Defendant's July 9, 2015, Motion asserted that the tax court lacks subject-matter jurisdiction to consider appeals taken from collection actions under ORS 305.410 and, in the alternative, that Plaintiff's appeal is not timely. (Def's Mot at 1, 3-4, 7.) On July 29, 2015, Plaintiff filed his Response to Defendant's Motion to Dismiss (Response). In his Response, Plaintiff argued that the court does have jurisdiction under ORS 305.410(1) because of Defendant's "violation of ORS 321.600, the statute of limitations for the institution of collection proceedings for timber taxes." (Ptf's Resp at 3.) As to the timeliness issue, Plaintiff contends that "no statutory time limit applies to bar [his] cause of action challenging [Defendant's] collection proceedings * * *." (*Id.*) On August 7, 2015, Defendant filed its Reply to Plaintiff's Response.

### A.    *Underlying Taxes*

Plaintiff was the owner of forestland in Clackamas County, Oregon between 1993 and 1995. (Ptf's Compl at 1; Def's Mot at 1.)[4] Plaintiff failed to file timber tax returns or pay the tax due for those years as required under ORS 321.005 through ORS 321.185 "Forest Products Harvest Tax" (Harvest Tax) and ORS 321.257 through ORS 321.390 "Western Oregon Forestland and Privilege Tax" (Timber Privilege Tax). (*Id.*; Ptf's Resp at 2.) Plaintiff's taxes

---

[2] The court filed Plaintiff's Complaint on May 18, 2015. Per Oregon Revised Statute 305.418(1), Complaints are deemed filed as of the "date shown on the post-office cancellation mark stamped upon the envelope containing it[.]" The postmark on Plaintiff's Complaint was stamped May 14, 2015.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013, unless otherwise noted.

[4] Although neither party expressly stated that Plaintiff harvested trees, the court assumes that a harvest must have occurred to give rise to the underlying assessment. Plaintiff did acknowledge that his various timber taxes were due on the applicable due dates, and there is no claim that trees were not cut. (Ptf's Resp at 4-6.)

became due January 31, 1994, January 31, 1995, and January 31, 1996, respectively.[5] (Ptf's Compl at 1-2; Ptf's Resp at 2.)

Defendant assessed Plaintiff for the unpaid Harvest and Timber Privilege Taxes on September 24, 1997, for tax year 1993, September 26, 1997, for tax year 1994 and July 6, 1999, for tax year 1995. (Def's Mot at 1; Decl of Cindy Test at 1.) Plaintiff did not appeal the assessments to the tax court. (Def's Mot at 1.) Defendant issued notices and demand for payment of the unpaid Harvest and Timber Privilege Taxes on November 23, 1999 and February 4, 2004. (*Id.*; *see also* Def's Mot Exs A, B.)

B.      *Distraint Warrants*

On February 15, 2000, Defendant recorded five distraint warrants against Plaintiff with the County Clerk in Multnomah County. (Ptf's Compl at 2; Def's Mot at 2.) Defendant recorded an additional distraint warrant in Multnomah County on July 21, 2005. (*Id.*) Defendant also recorded six distraint warrants in Benton County on April 19, 2006 and October 16, 2013. (*Id.*) Plaintiff states that under ORS 321.570(2) and ORS 250.125, "[t]he filing of distraint warrants by Defendant in Multnomah County * * * created judgment liens against Plaintiff that could be used to satisfy a debt for a period of 10 years from the time of the creation of the liens." (Ptf's Compl at 3.) The distraint warrants each state that "this warrant is a judgment against the debtor and a lien on all real or personal property." (Ptf's Compl at 19, 23, 25, 31, 36, and 40.)

C.      *Notices of Garnishment*

Defendant stated that it issued notices of garnishment for Plaintiff's unpaid Harvest and Timber Privilege Taxes on five occasions between March 24, 2000, and October 29, 2013.

---

[5] Under the 1991 version, ORS 321.045(1) and ORS 321.287(1)) required payment of the Harvest and Timber Privilege Taxes semi-annually. Payments on the underlying tax assessments for 1993 were due July 31, 1993 and January 31, 1994. (*See* Ptf's Compl at 1-2, fn 1 & 2.)

(Def's Mot at 2.) Plaintiff claims that Defendant began garnishing his wages on September 8, 2006. (Ptf's Compl at 3.) Defendant does not dispute that claim. Plaintiff states that as of May 7, 2015, Defendant has collected $57,634.22 in taxes towards his 1993 Timber Privilege Taxes. (*Id.*; Ptf's Resp at 2.) Defendant states that it has no record that Plaintiff challenged any of the garnishments at the time it issued its notices of garnishment, and Plaintiff makes no claim to the contrary. (Def's Mot at 2.)

D.    *Relief Requested*

Plaintiff requests that the court enter an Order that "[d]eclares that Plaintiff's [Harvest and Timber Privilege Taxes] are uncollectible and that the distraint warrants issued for their collection are invalid under the statute of limitations found in ORS 321.600." (Ptf's Compl at 7.) Plaintiff also asks that the court order Defendant to refund all amounts garnished. (*Id.*) Finally, Plaintiff requests that the court order "the release of all judgment liens created in Multnomah and Benton County." (*Id.*) In Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff again emphasizes that he is seeking declaratory relief; "[t]he Complaint requests a declaration that [Defendant's] collection proceedings for timber taxes due on January 31, 1994 are void and that all garnished funds are to be refunded * * *." (Ptf's Resp at 2.)

## II.  ANALYSIS

The issues before the court are (1) whether the court has jurisdiction under ORS 305.410, to consider Plaintiff's appeal and; (2) whether Plaintiff's appeal is timely. In reviewing Defendant's Motion to Dismiss under TCR 21 A(1), the court considers "matters outside the pleading, including affidavits, declarations and other evidence." In all proceedings before a magistrate of the tax court "a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS

305.427. Because this matter is presently before the court on Defendant's Motion, Defendant bears the burden of proof.

A.      *The Court's Jurisdiction Under ORS 305.410*

The Oregon Tax Court is court of general powers but limited jurisdiction and only has the power to adjudicate matters within its subject-matter jurisdiction. "If it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." TCR 21 G(4).

ORS 305.410(1) provides in part that

"[T]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact *arising under the tax laws of this state*. For purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state:

     * * * * * *

(m) ORS 311.420, 311.425, 311.455, 311.650, 311.655 and ORS chapter 312 relating to the foreclosure of real and personal property tax liens."

(Emphasis added.)

ORS 321.600[6], the statute Plaintiff relies on, provides that:

"All taxes, interest and penalties due and unpaid under ORS 321.005 to 321.185 (Harvest Tax), 321.257 to 321.381 (Timber Privilege Tax) * * * shall constitute a debt due the State of Oregon and may be collected, together with interest, penalty and costs, by appropriate judicial proceedings, * * *. However, no proceeding for the collection of taxes [under the above mentioned statutes] *shall be instituted after the expiration of six years from the date such taxes were due*."

(Emphasis added.)

The Oregon Supreme Court has addressed this court's jurisdiction under ORS 305.410(1) in *Sanok v. Grimes,* 294 Or 684, 662 P2d 693 (1983) (Sanok). The plaintiff in *Sanok* alleged personal tort claims against the assessor but also sought reinstatement of forest land designation.

---

[6] The court's references to the statute here are to the 1991 and 1993 versions of the law.

*Id.*, 294 Or at 697. In dismissing the tort claims for lack of jurisdiction but holding that the tax court did have subject matter jurisdiction regarding plaintiff's qualification for forest land tax status, the Court held that "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701. There the Court explained the contours of this court's jurisdiction under ORS 305.410(1) as follows:

> "Our cases set two boundaries. On the one hand, questions which must be resolved in order to decide *taxability or the amount of the tax* do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on a precondition has substantial non-tax consequences."

*Id.* at 697 (emphasis added).

Plaintiff argues that the court has jurisdiction because Defendant's alleged violations of the statute of limitations in ORS 321.600 applicable to the collection of timber taxes relate to taxability and the amount of the tax and therefore fall within the court's jurisdiction under ORS 305.410(1) as explained in *Sanok*. (Ptf's Resp at 3-4.) Plaintiff "seeks declaratory relief regarding * * * procedural defects resulting in tax liability exceeding what was allowed under the applicable timber tax statutes." (Ptf's Resp at 4-5.) However, in discussing Defendant's alleged violation of ORS 321.600, Plaintiff notes that "*[c]ollections proceedings* under Oregon's timber tax statutes are 'instituted' through the recording of distraint warrants for the *payment* of the amount of the tax. ORS 321.570(1), (2)." (*Id.* at 3-4 (emphasis added).) And, Plaintiff later in his Response states that his "Complaint involves a *collection matter* and is a challenge to the Department's compliance with applicable statutes." (*Id.* at 7 (emphasis added).)

Defendant notes that Plaintiff "does not and cannot contest his liability for the underlying tax assessments" issued in 1997 and 1999, because Plaintiff "did not appeal the assessments

/ / /

* * * and as a result, the assessments became final" under ORS 321.560(1)(a) and ORS 305.265(14). (Def's Mot at 3.)[7] Defendant is correct on that point.

Defendant next asserts that "[b]ecause there can be no disagreement over [Plaintiff's] timber tax liability, his appeal must concern only collection matters." (*Id.*) Plaintiff acknowledges that in his Response. (Ptf's Resp at 3.) Defendant's position is that this "court's jurisdiction [] does not extend to collection matters[]" because under ORS 305.410(1), the court's jurisdiction is limited to "questions of law and fact arising under the tax laws of this state[,]" and under *Sanok* "the taxpayer's claims must have 'some bearing on tax liability.' " (Def's Mot at 3.) Defendant argues that a statute of limitations on collection proceedings does not arise under the tax laws of the state because the claim concerns only whether the department "can continue to collect those uncontested liabilities * * * [and] such claims do not arise under the tax laws of this state, [thereby] depriving the tax court of jurisdiction." (Def's Mot at 4.) Defendant cites *Smith v. Dept. of Rev.*, 17 OTR 135, 137-38 (2003) and *Mohtadi v. Dept. of Rev.*, TC-MD 130543C, WL 840063 (Mar 4, 2014) in support of that latter argument. (*Id.*)

Defendant then argues that "ORS 321.600 by itself cannot serve as the basis for the tax court's jurisdiction" because under the holding in *Sanok*, a claim does not bear on taxpayer's tax liability unless the question raised "must be resolved in order to decide taxability or the amount of tax;" if it does not, the claim does not "arise under the [state's] tax laws." (Def's Mot at 4, citing *Sanok*, 294 Or at 697 (internal quotations omitted).) Defendant asserts that "[t]he court would not have needed to consider ORS 321.600 to determine whether [Plaintiff's] ownership of

---

[7] ORS 321.560(1)(a) ("[t]he provisions of ORS chapters 305 and 314 as to * * * the determination of deficiencies, assessments, claims for refund * * * and of the procedures relating thereto, shall apply to the determination of taxes, penalties and interest imposed under ORS 321.005 to 321.185 * * * except where the context requires otherwise"); ORS 305.265(14) ("assessments and billings are final after the expiration of the appeal period specified in ORS 305.280"); ORS 305.280 (providing a 30 day appeal period for appealing under ORS chapter 321). These references are to the 1995 and 1997 versions of the ORS.

forestland in Clackamas County required him to pay timber taxes, and if so, in what amount."
(*Id*. at 4.) Defendant's position is well taken.

The court concludes that under ORS 305.410(1) and *Sanok*, Plaintiff's claim does not arise under Oregon's tax laws because his challenge to Defendant's collection proceedings does not directly pertain to "taxability or the amount of the tax." *Sanok*, 294 Or at 697.

Plaintiff relied primarily on *Numrich v. Department of Revenue (Numrich),* 17 OTR 402 (2004) to support his argument that the court has subject-matter jurisdiction over his appeal. While *Numrich* is factually similar in some respects, that case is distinguishable and does not support Plaintiff's claim. *Numrich* appealed an income tax deficiency from the 1976 tax year. *Id.* at 404. The department issued its tax assessment notice in 1991 and the taxpayer did not appeal that assessment and related collection proceedings until 2003. *Id.* The magistrate division dismissed the case as an untimely appeal from the 1991 assessment and did not consider taxpayer's statute of limitations claim. *Id.* The taxpayer appealed to the regular division of this court and subsequently the department agreed that taxpayers "owed no tax, interest, or penalties for the years at issue". *Id.* at 405. The issue before the regular division was whether it had jurisdiction over any of the claims not rendered moot by the department's concession that taxpayer owed no tax. *Id.* The court concluded it did not. *Id.* at 406.

Plaintiff asserts that the fact that the court in *Numrich* retained jurisdiction to ensure the release of liens and payment of refunds implies that the court has subject-matter jurisdiction to adjudicate appeals from collections proceedings. *Id.* at 408; Ptf's Resp at 6. Plaintiff misunderstands the relationship between the tax court's general power and its limited jurisdiction. The court has the power to order reimbursement of funds or termination of liens, or grant any relief that may be fashioned in a circuit court, provided that it relates to a matter over

which the court has subject-matter jurisdiction. *See Sanok*, 294 Or at 698. In *Numrich*, the taxpayer was appealing the tax assessment and the department agreed to abate that assessment. Here, Plaintiff is not challenging the underlying tax assessment, only the collection of that liability. That distinction is critical and differentiates the two cases. As stated earlier, challenges to collection proceedings are not within the jurisdiction of this court.

The court's conclusion on the jurisdictional issue is bolstered by language found in a footnote in *Patton v. Dept. of Rev.*, 18 OTR 111, 119-120 (2004), where the Regular Division of this court stated "[t]axpayer attached the Notice of Garnishment as the copy of the action appealed to the complaint he filed in the Magistrate Division. The logic of *Utgard* [*v. Dept. of Rev.*, 1 OTR 274, 283 (1963)] prevents this court from considering the garnishment itself as being a separate action of the department from which appeal may be taken under ORS 305.275. In addition, ORS 305.275 is unavailable by its terms because taxpayer had, as to the basic dispute, another statutory right of appeal. Taxpayer's failure to correctly pursue that route of appeal (from the notice of assessment) does not create a right to appeal an action of collection." *Patton* 18 OTR at 119-120. Here, Plaintiff has appealed from distraint warrants issued by Defendant.[8] Distraint warrants, like garnishments, are collection matters and under *Patton* and *Utgard*, they are not considered "a separate action of the department from which appeal may be taken under ORS 305.275." *Patton*, 18 OTR at 119-120.

Plaintiff asserts that Defendant's reliance on *Smith*, *Mohtadi*, *Patton*, and *Baden* is misplaced and those cases are distinguishable because none of those cases implicated the statute of limitations contained in ORS 321.600. (Ptf's Resp at 7-8.) Plaintiff has not cited any case law supporting his position that the court has jurisdiction over a collection action because of the

---

[8] Plaintiff also challenged Defendant's collection efforts pursued by means of garnishment. That aspect of the appeal is discussed later in the Decision.

statute of limitations on the institution of collection proceedings found in ORS 321.600, and the court is not aware of any cases supporting that claim. The court has carefully reviewed the text and context of ORS 321.600 and concludes that Plaintiff has failed to persuade the court that ORS 321.600 brings timber tax collection matters within the jurisdiction of this court.

This is not to say that the court never hears a case and issues a decision that affects a collection matter. But the effect or impact on the department's collection efforts stemming from such a decision by the court would be a consequence of a determination by the court that the department had incorrectly determined that the taxpayer was liable for the tax or had incorrectly calculated the amount of the tax. *Sanok*; ORS 305.410(1). The court must first have jurisdiction over the underlying "tax matter," which would typically be an appeal from an assessment where the department had already instituted collection proceedings. If the court ultimately determined that there was no deficiency, or a lesser deficiency than that found by the department, that determination would flow through to the resulting collection action. But that is distinctly different from a case such as the present where the taxpayer never challenges the department's assessment and then years later appeals to the court alleging only irregularities in the collection process.

The question then becomes where is the appropriate forum for Plaintiff to bring an ORS 321.600 statute of limitations claim challenging Defendant's collection proceedings?

Defendant's distraint warrants state that, once recorded, they are a judgment against the taxpayer and a lien on the taxpayer's real or personal property. (Ptf's Compl at 19, 23, 25, 31, 36, and 40.) *See generally* ORS 321.570(2) (1999) ("the amount of the warrant so recorded shall become a lien upon the title to and interest in real property of the taxpayer against whom it is issued in the same manner as a judgment duly docketed"). And, under ORS 321.570(4), when

the department issues a warrant for unpaid taxes "the department shall have the same remedies to enforce the claim for taxes against the taxpayer as if the state had a recorded judgment against the taxpayer for the amount of the tax." Defendant correctly notes that "the department must rely on the processes in ORS chapter 18 for enforcing judgments" and Plaintiff "[s]imilarly * * * can contest those processes as allowed in ORS chapter 18." (Def's Mot at 5-6.)

The circuit courts often hear appeals from collection proceedings, including appeals involving "tax laws." In *Multnomah County v. Finance America Corp.* (*Finance America*), 120 Or App 30, 852 P2d 262 (1993), Oregon's Court of Appeals considered whether the tax court had subject-matter jurisdiction over a judgment of the circuit court relating to a tax foreclosure of real property. Appellant argued that the circuit court did not have jurisdiction to consider taxpayer's affirmative defense, which was based on an interpretation of ORS 307.110, contending that it was a tax law of the state and that the tax court had exclusive subject-matter jurisdiction. *Id.* at 32. The Court of Appeals disagreed, stating:

> "[Defendant] does not challenge the tax that was imposed, but instead challenges the attachment of the tax lien to its interest in the property * * *. We conclude that the question can and should be determined in one forum. The place where the foreclosure action must be brought is circuit court; that is therefore where the defense attacking the validity of the lien should be determined."

*Id.* at 33-34.

As noted above, Defendant's distraint warrant resulted in a lien on Plaintiff's property and for that reason, the proper venue for challenging the warrant and the lien is the circuit court. *Finance America*, 120 Or App at 33-34.

As for Plaintiff's challenge to Defendant's debt collection action via garnishment, the proper venue for challenging the garnishment is through a challenge filed with the State agency

/ / /

issuing the garnishment, as provided by ORS 18.902 (2001).[9]  Plaintiff did not file a challenge with Defendant.

The magistrate division has previously held that appeals related solely to tax collections with no issue involving the underlying assessment are not within the court's subject-matter jurisdiction.  *See Mohtadi v. Department of Revenue,* TC-MD 130543C at 1 (Mar 4, 2014) (finding that where "no assessment or adjustments have been made" to taxpayer's return "[i]ssues regarding the collection of taxes are not within the purview of the court's jurisdiction under ORS 305.410."); *Greichus v. Coos County Assessor,* TC-MD 140349N at 1 (Mar 10, 2015) (holding that the court did not have subject-matter jurisdiction to consider plaintiff's appeal of foreclosure proceedings; to the extent that taxpayer was appealing the assessment and assessment procedure, the court did discuss and dispose of those issues before finding that it lacked jurisdiction to consider the foreclosure itself).

Plaintiff's argument suggests that any action occurring after an assessment that could affect the amount that a taxpayer ultimately pays "arises under the tax laws" and is subject to the court's jurisdiction.  If the court adopted that interpretation, all collection proceedings, since they bear on the payment of taxes, would be considered tax laws within the court's subject-matter jurisdiction.  Such an interpretation is explicitly contradicted by ORS 305.410(1)(m) which excludes from the court's purview laws "relating to the foreclosure of real and personal property tax liens," and prior decisions of this court.

The court concludes it does not have subject-matter jurisdiction under ORS 305.410(1) to adjudicate Plaintiff's appeal because Plaintiff specifically states that he is not challenging the

---

[9] Defendant issued garnishments on March 24, 2000, December 6, 2000, April 8, 2005, April 7, 2006, and October 29, 2013.  (Def's Mot at 2.)  The garnishments issued in 2000 are governed by 1999 law. The law in effect in 1999 provided for challenges to garnishments be filed in the appropriate circuit court.  ORS 29.137; ORS 29.357.

underlying assessment. The proper forum to enforce the statute of limitations provided by ORS 321.600 is the circuit court. The proper forum for Plaintiff's appeal of the notices of garnishment is by administrative proceeding under ORS 18.902.

B. *Timeliness*

Because the court finds in favor of Defendant on the jurisdicational issue, it need not address Defendant's timeliness argument.

C. *Costs and Disbursements*

Finally, in his Complaint Plaintiff requested "costs, disbursements and any applicable attorneys' and experts' fees." (Ptf's Compl at 8.) Because Plaintiff is not the prevailing party, costs are not appropriate under Tax Court Rule-Magistrate Division (TCR-MD) 16 B.

### III. CONCLUSION

The court concludes that it lacks subject-matter jurisdiction to adjudicate Plaintiff's appeal because Plaintiff unequivocally states that he is not challenging the underlying assessment, rather he is asserting a defense to collection. Appeals relating solely to collection proceedings do not involve "questions of law or fact arising under the tax laws of this state, a prerequisite to jurisdiction under ORS 305.410(1) because they do not relate to "taxability or the amount of tax" as required under *Sanok* and explained above. As such, they cannot be adjudicated by this court. Because the court finds in favor of Defendant on the jurisdicational issue, it does not address Defendant's timeliness argument. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's request for costs, disbursements, and fees, included in his Complaint, is denied because Plaintiff is not the prevailing party.

Dated this ____ day of February 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 3, 2016.*